**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EUROPE R. COLBERT,

Plaintiff,

v.

Case No. 26-cv-13172
Honorable Brandy R. McMillion

DARRELL DAIZON REED, *et al.*

Defendants.
_________________________________ /

**ORDER OF PARTIAL DISMISSAL**

Plaintiff Europe R. Colbert ("Plaintiff") brings this *pro se* civil action, against Defendants Darrell Daizon Reed, Sharde Marshall, Jailna Marshall, Shaneika Reed, Shennel Reed, Italy Trishelle Reed, and Ikeysha Ann Davis, (collectively, "Defendants") for the unauthorized distribution of intimate images, filing fraudulent child support paperwork, physical assault, and theft. *See generally* ECF Nos. 1, 5.[1] Colbert also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but this case is **PARTIALLY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds

[1] Plaintiff filed a First Amended Complaint (ECF No. 5) on September 25, 2026. Because no one has been served with this action, the Court will consider the First Amended Complaint as the operative pleading in this matter, pursuant to Fed. R. Civ. P. 15.

that Plaintiff has sufficiently pleaded a claim for nonconsensual disclosure and sale of intimate images under 15 U.S.C. § 6851 against Darrell Daizon Reed; but the Court declines to exercise supplemental jurisdiction on any of the other state law claims.

**I.**

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which based on Plaintiff's financial status, the Court **GRANTS**. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**II.**

Plaintiff is seeking civil redress against all seven Defendants for the unauthorized distribution of intimate images, through applications such as Facebook, Instagram, and TikTok. *See* ECF No. 5, PageID.27-28. To establish a claim under 15 U.S.C. § 1651, a plaintiff must show that: (1) the image qualifies as an intimate visual depiction, (2) it was disclosed in or affecting interstate commerce, (3) without the plaintiff's consent, and (4) by a defendant who knew or recklessly disregarded the lack of consent. *See Doe v. Parsons*, No. 2:24-CV-00075, 2025 WL 1540877, at *2 (M.D. Tenn. Feb. 6, 2025).

Plaintiff states that Defendants acted in concert to upload and publish private intimate images of her through these social media applications. *See* ECF No. 5, PageID.27-28. However, with the exception of Defendant Darrell Daizon Reed, Plaintiff does not allege any specific facts to ascertain what the remaining defendants

did that would constitute a violation of the law. As to Darrell Daizon Reed, Plaintiff states that he, "wrongfully acquired, possess, repeatedly displayed, and commercially sold private, non-public intimate non-public intimate visual depictions displaying Plaintiff's exposed breasts and body over an extended period." *Id.* at PageID.27. But as to the remaining defendants, Plaintiff merely states, in a conclusory fashion, that they were involved.[2] That is not enough to state a plausible claim against them. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Consequently, Plaintiff's claims, pursuant to 15 U.S.C. § 6851, are summarily dismissed against all Defendants, except Darrell Daizon Reed.

The remainder of Plaintiff's claims are all brought pursuant to state law. They include violations of the Michigan intimate deepfakes statute, MCL § 752.381, defamation per se, civil assault and battery, intentional infliction of emotional distress, civil conspiracy, fraud and fraudulent misrepresentation, abuse of process, falsification of official records, conversion and theft, public disclosure of private facts, intrusion upon seclusion, appropriation of likeness, and tortious interference with prospective economic advantage. *See generally* ECF No. 5. While Plaintiff asserts that the Court has supplemental jurisdiction over these claims, the Court is not required to exercise that jurisdiction. *See id.* at PageID.27. Supplemental

---

[2] Plaintiff does allege that Defendant Ikeysha Ann Davis "[a]ctively participated in the coordinated online distribution network, assisting in the publication, sharing, or amplification prohibited intimate media and defamatory statements targeting Plaintiff across interstate digital platforms, while acting in concert with Darrell Daizon Reed regarding fraudulent financial and administrative scheme." *Id.* at PageID.29. But again, this is very conclusory and also appears to relate to her fraudulent filing claim.

jurisdiction is a doctrine of discretion, not of plaintiff's right. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Johnson*, 2022 WL 5102019, at *5.

Here, consideration of the state law claims necessarily will "cause a substantial expansion of the suit beyond that necessary and relevant to the federal claims" and in that instance, declination of jurisdiction is proper. *See Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*, No. 14-14601, 2015 WL 4078142, at *5 (E.D. Mich. July 2, 2015). The state law claims in this case are both broader and more numerous than Plaintiff's sole federal claim. Many of them deal with issues separate and distinct from the alleged sharing of Plaintiff's intimate photos. As a result, those claims are best suited in state court. The Court, therefore, dismisses the state law claims (Count II-XIV) without prejudice and instructs Plaintiff to re-file those claims in state court, if desired.

Finally, to the extent that Plaintiff's Amended Complaint contains a motion for a temporary restraining order and preliminary injunction, that request is not properly before the Court. Motions must be made in a separate pleading. *See* E.D. Mich. L.R. 5.1(e), 7.1(i). Nonetheless, pursuant to this Court's practice guidelines, the Court will not grant *ex parte* motions for temporary restraining orders without some notice to the opposing party and an opportunity for the Court to hear both sides unless the moving party demonstrates good cause for failing to give notice to the

opposing party. *See* J. McMillion Practice Guidelines, https://www.mied.uscourts.gov/judges/district/?id=58&guideline=4.

**III.**

Accordingly, Plaintiff's alleged federal claim under 15 U.S.C. § 6851 (Count I) is summarily **DISMISSED WITH PREJUDICE** as to all Defendants, except for Defendant Darrell Daizon Reed, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The remaining state law claims (Counts II – XIV) are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff so desires.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the following service documents for Defendant Darrell Daizon Reed to the Clerk's Office by **October 23, 2026**:

• One (1) copy of the first amended complaint;
• Two (2) USM 285 forms;
• Three (3) summonses.

Plaintiff is warned that failure to comply with this order may result in dismissal of this action pursuant to Fed. R. Civ. P. 41 and E.D. Mich. L.R. 41.

**IT IS SO ORDERED**.

Dated: September 29, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge